IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

AUGUST 1999 SESSION

FILED

September 24, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 01C01-9805-CC-00231 |
| Appellee, | ) | |
| | ) | MONTGOMERY COUNTY |
| VS. | ) | |
| | ) | HON. JOHN H. GASAWAY III, |
| JOHN D. NEBLETT, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Aggravated Vehicular Homicide, |
| | ) | Vehicular Assault, Driving On |
| | ) | Revoked License) |

FOR THE APPELLANT:

MICHAEL R. JONES
District Public Defender

COLLIER W. GOODLETT
Assistant Public Defender
109 South Second Street
Clarksville, TN 37040

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General and Reporter

KIM R. HELPER
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

JOHN WESLEY CARNEY, JR.
District Attorney General

C. DANIEL BROLLIER
Assistant District Attorney General
204 Franklin Street, Suite 200
Clarksville, TN 37040-3420

OPINION FILED: _____


AFFIRMED


JOE G. RILEY, JUDGE


OPINION

Defendant, John D. Neblett, pled guilty to aggravated vehicular homicide, a Class A felony; vehicular assault, a Class D felony; and second-offense driving on a revoked driver's license (DORL), a Class A misdemeanor.[1] The trial court sentenced defendant to 20 years for the aggravated vehicular homicide; 4 years for the vehicular assault, to be served consecutively; and 11 months and 29 days for DORL, to be served concurrently. In this appeal as of right, defendant raises the following sentencing issues:[2]

1. whether the trial court erred in its application of enhancement factors § 40-35-114(6) and (16);

2. whether the trial court erred in its imposition of consecutive sentencing; and

3. whether the trial court erred in admitting victim impact testimony.

After a complete review of the record before us, we **AFFIRM** the judgment of the trial court.

## I. FACTS

In August 1997, while driving intoxicated, defendant failed to observe a stop sign at a highway intersection in Montgomery County. As a result, he hit a car driven by Glenda Atkins. Glenda Atkins' husband, Stephen Atkins, was killed; Glenda Atkins suffered injuries which required an overnight stay in the hospital and surgery to remove glass that lodged next to the bone in her leg. Her hospital bills were between $6,000 and $7,000.

Defendant admitted driving while intoxicated and acknowledged his

---

[1]Defendant was also indicted for two counts of driving under the influence. One count was dismissed as part of a plea agreement; the other was merged by the trial judge into the greater offense of aggravated vehicular homicide at sentencing.

[2]We have framed and addressed defendant's issues differently than they were presented in his brief.

responsibility for Stephen Atkins' death in a statement to the Tennessee Highway Patrol. He pled guilty to aggravated vehicular homicide related to the death of Stephen Atkins; vehicular assault related to the serious injuries suffered by Glenda Atkins; and second offense DORL.

## II. SENTENCING

Defendant challenges the sentences imposed in this case. He asserts the trial court erred in its application of enhancement factors (6) and (16), its imposition of consecutive sentencing, and its consideration of victim impact testimony by Glenda Atkins.

### A. Sentencing Hearing

The trial court began its sentencing determination by establishing defendant as a Range I standard offender facing a sentence between 15 and 25 years for aggravated vehicular homicide, between 2 and 4 years for vehicular assault, and up to 11 months and 29 days for the DORL. It recited a list of considerations to be taken into account in reaching its decision which included: evidence from the sentencing hearing, victim impact testimony, the presentence report, and the principles of sentencing.

The court found several applicable statutory enhancement factors. It found defendant's extensive criminal history applicable to enhance all three sentences. *See* Tenn. Code Ann. § 40-35-114(1). It found the occurrence of defendant's criminal conduct at the intersection of a state highway resulted in a great potential for bodily injury to unsuspecting motorists applicable to enhance the sentences for aggravated vehicular homicide and vehicular assault. *See* Tenn. Code Ann. § 40-35-114(16). And, it found the particularly great injuries suffered by Glenda Atkins applicable to enhance the sentence for vehicular assault. *See* Tenn. Code Ann. §

3

40-35-114(6).

### B. Standard of Review

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness, Tenn. Code Ann. § 40-35-401(d), provided there is an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

If no mitigating or enhancement factors for sentencing are present, Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence shall be the minimum sentence within the applicable range, except for Class A felonies where the presumptive sentence is the midpoint of the range. *See* State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim.

4

App. 1991). No particular weight for each mitigating or enhancement factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); *see* Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments.

The state concedes the misapplication of some enhancement factors by the trial court. Furthermore, the trial court mistakenly began its sentencing determination for the aggravated vehicular homicide at the minimum sentence of fifteen years, rather than the presumptive twenty-year midpoint. *See* State v. Chance, 952 S.W.2d 848, 850-51 (Tenn. Crim. App. 1997); Tenn. Code Ann. § 40-35-210(c). Thus, this Court's review shall be *de novo* without a presumption of correctness.

### III. ENHANCEMENT FACTORS / LENGTH OF SENTENCE

We begin by noting the clear applicability of Tenn. Code Ann. § 40-35-114(1) to all three sentences. Defendant's record includes convictions for: five public intoxications, four DUI's, reckless driving, first-offense DORL, joyriding, and writing bad checks. Even excluding the prior DUI convictions, which may not be used to enhance the aggravated vehicular homicide sentence since having two or more DUI convictions is an element of the offense, defendant has a lengthy history of criminal convictions. His history includes numerous misdemeanors, a large percentage of which are alcohol related. Factor (1) may be properly used to enhance the aggravated vehicular homicide, vehicular assault, and DORL sentences.

### A. Aggravated Vehicular Homicide

5

The record does not support the trial court's enhancement of defendant's sentence for aggravated vehicular homicide by use of Tenn. Code Ann. § 40-35-114(16) for a crime committed under circumstances with a great potential for bodily injury to a victim. Ordinarily, this factor is inappropriate since it is an element of aggravated vehicular homicide. Here, the trial court stated, "the potential for bodily injury to others was great given the location of the incident." The evidence showed the accident took place at the intersection of a state highway. However, the record is silent as to whether other motorists were actually present at the intersection and subject to injury. *See generally* State v. Sims, 909 S.W.2d 46, 50 (Tenn. Crim. App. 1995). Thus, this factor does not apply.[3]

Alternatively, the state suggests the application of Tenn. Code Ann. § 40-35-114(10) for commission of a crime where the risk to human life is high. This factor is not applicable to the aggravated vehicular homicide conviction for the same reasons stated in the preceding paragraph.

The trial court's error in application of factor (16) does not necessarily call for a reduction in sentence. State v. Lavender, 967 S.W.2d 803, 809 (Tenn. 1998). Given defendant's lengthy criminal history, the presumptive 20-year sentence is not excessive for the aggravated vehicular homicide.

## B. Vehicular Assault

As with the aggravated vehicular homicide sentence, the record does not support the application of Tenn. Code Ann. §§ 40-35-114(16) or (10). Additionally, application of Tenn. Code Ann. § 40-35-114(6) based upon the infliction of particularly great injuries on Glenda Atkins was improper as serious bodily injury is

_____

[3]The record shows that the trial court considered evidence from the sentencing hearing in reaching this determination. The transcript from the guilty plea hearing is not before this Court; however, there is no indication that the trial court considered evidence from that hearing. Otherwise, there would be a waiver of this issue. *See* State v. Ricky Dale Keen, C.C.A. No. 01C01-9802-CR-00074, Sumner County, slip op. at 4 (Tenn. Crim. App. filed January 19,1999, at Knoxville), *perm. to app. denied* (Tenn. June 21, 1999).

an element of the offense.

Nonetheless, factor (6) is an applicable enhancement factor based upon "the amount of damage to property." Tenn. Code Ann. § 40-35-114(6). Glenda Atkins testified that her car, valued at approximately $8,000, was totaled as a result of the accident with defendant. This evidence supports the application of factor (6) for particularly great property damage sustained by the victim. *Id.*; State v. George Blake Kelly, C.C.A. No. 01C01-9610-CC-0048, Warren County (Tenn. Crim. App. filed October 13, 1998, at Nashville).

In this instance, defendant's criminal history, combined with the great amount of property damage, should be given considerable weight. We conclude the enhancement factors greatly outweigh the applicable mitigating factors and clearly support the imposition of a maximum 4-year sentence for vehicular assault.

### C. Driving on Revoked License

Misdemeanor sentencing is controlled by Tenn. Code Ann. § 40-35-302, which provides in part that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. *See* State v. Palmer, 902 S.W.2d 391, 393 (Tenn. 1995). The trial court has more flexibility in misdemeanor sentencing than in felony sentencing. State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998).

Given the applicable enhancement factors addressed above and the flexibility associated with misdemeanor sentencing, the imposition of a maximum 11 month and 29 day sentence for second-offense DORL is appropriate.

### IV. CONSECUTIVE SENTENCING

7

The trial court ordered defendant's 4-year sentence for vehicular assault to run consecutively to the 20-year sentence for aggravated vehicular homicide, resulting in an effective sentence of 24 years.

A court may order sentences to run consecutively if the court finds by a preponderance of the evidence that defendant is an offender whose record of criminal activity is extensive or is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high. Tenn. Code Ann. § 40-35-115(b)(2), (4); *see also* State v. Black, 924 S.W.2d 912 (Tenn. Crim. App. 1995). Furthermore, the court is required to determine whether the consecutive sentences (1) are reasonably related to the severity of the offenses committed; (2) serve to protect the public from further criminal conduct by the offender; and (3) are congruent with general principles of sentencing. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).

Defendant, unquestionably, qualifies for consecutive sentencing under Tenn. Code Ann. § 40-35-115(b). His presentence report reveals an extensive record of criminal activity which includes convictions for: five public intoxications, three DUI's,[4] reckless driving, first-offense DORL, joyriding, and bad checks. It also indicates little regard for human life and no hesitation about committing a crime where the risk to human life is high.

We conclude that a 24-year sentence is reasonably related to the severity of these offenses which resulted in the death of Stephen Atkins and serious injury to Glenda Atkins. Given defendant's history of alcohol abuse and alcohol-related offenses, we also conclude that consecutive sentencing serves to protect the public

---

[4]The state presented a certified copy of a *fourth* DUI conviction at the start of sentencing.

from further criminal conduct by a defendant who obviously cannot stop himself from drinking and driving.

## V. VICTIM IMPACT TESTIMONY

Over defendant's objection, the trial court heard victim impact testimony from Glenda Atkins regarding the effect of her husband's death on her and her son. Defendant asserts that this was improper.

The Victims' Bill of Rights, Tenn. Code Ann. § 40-38-101, *et. seq.*, provides for the presentation and consideration of victim impact testimony at sentencing hearings. Tenn. Code Ann. §§ 40-38-103(a)(2), -202. A recent panel of this Court determined victim impact evidence to be admissible in non-capital cases. *See* State v. Paul Carr Moss, Jr., C.C.A. No. 01C01-9803-CC-00118, Robertson County (Tenn. Crim. App. filed June 1, 1999, at Nashville).

In this case, Glenda Atkins prepared and presented a victim impact statement which discussed the circumstances, financial impact, and emotional impact of the accident and her husband's death. The trial court overruled defendant's objection to Atkins' testimony and considered a copy of her written victim impact statement "in determining whether the factors in §§ 40-35-113 and 40-35-114 apply." Tenn. Code Ann. § 40-38-207.

The trial court properly admitted Glenda Atkins' testimony pursuant to Tenn. Code Ann. § 40-38-207 with a properly limited scope and purpose. This issue is without merit.

## VI. CONCLUSION

9

Based upon the foregoing, we **AFFIRM** the judgment of the trial court.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**DAVID G. HAYES, JUDGE**

_____
**L.T. LAFFERTY, SENIOR JUDGE**